UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

COMMONWEALTH OF PENNSYLVANIA        CIVIL ACTION NO. 1:18-mc-0024

VERSUS                               MAGISTRATE JUDGE HORNSBY

THINK FINANCE, INC., ET AL

## MEMORANDUM ORDER

The Attorney General of Pennsylvania filed a federal lawsuit against Think Finance, Inc. ("Think Finance") and others alleging that Defendants illegally solicit, arrange, fund, purchase, service, and/or collect loans and cash advances to Pennsylvania citizens over the internet. Plaintiff alleges that the loans and cash advances charge usurious interest rates and constitute predatory consumer lending practices. Plaintiff's Second Amended Complaint, ¶ 1.

Plaintiff alleges that Defendants use affiliations with Native American tribes to evade licensure, usury, and consumer protection laws. Plaintiff alleges that Defendants disguise themselves as mere service providers for the lending and collection scheme in order to cloak their business activity with whatever protections from state law the tribes might enjoy. Id. ¶ 2.

Think Finance recently served a Rule 45 deposition subpoena on MobiLoans, LLC ("MobiLoans"), a wholly-owned entity of the Tunica-Biloxi Tribe of Louisiana (the "Tribe") for a deposition to be held in this district. In response, MobiLoans filed a **Motion to Quash Subpoena (Doc. 1)** which is now before the court. MobiLoans argues that, as a

federally recognized Indian tribe, it possesses sovereign immunity from suit. This sovereign immunity, MobiLoan argues, applies not only to the tribes themselves, but also to tribal arms, enterprises, and entities, such as MobiLoans. Finally, MobiLoans argues that sovereign immunity extends to all aspects of the judicial process, including the third-party subpoena served by Think Finance.

The documents attached to the motion to quash show that the Tribe invested MobiLoans with all of the privileges and immunities of the Tribe, including, without limitation, immunity from suit by any person or entity in any form.

Think Finance does not dispute that MobiLoans is a wholly-owned entity of the Tribe and that the Tribe invested MobiLoans with all the privileges and immunities of the Tribe, including immunity from suit. However, Think Finance argues that it is entitled to limited discovery from MobiLoans because the information "would be helpful to Think Finance's defense against the Pennsylvania Attorney General's allegations." Doc. 4 at p. 2. Think Finance argues that the subpoena should be enforced because MobiLoans is not subject to a suit which would trigger sovereign immunity protection. Think Finance also argues that the court should apply a balancing test and conclude that Think Finance's right to prepare a defense and obtain evidence substantially outweighs MobiLoans arguments in favor of the application of sovereign immunity.

The court finds that Think Finance's arguments and authorities in support of enforcing the subpoena are unpersuasive. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978). "As a matter of federal

law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998). Abrogation or waiver "cannot be implied but must be unequivocally expressed." Santa Clara Pueblo, supra at 58.

Tribal sovereign immunity encompasses immunity from suits arising from a tribe's commercial activities, even when they take place off of Indian lands. Kiowa Tribe, supra. Congress has never abrogated tribal immunity for suits arising from tribal lending activity, and there is no evidence that the Tribe has waived its immunity from suit. Howard v. Plain Green, LLC, 2017 WL 3669096 (E.D. Va. 2017). The Tribe's immunity from suit also extends to third-party subpoenas, such as the deposition subpoena served on MobiLoans. AllTel Communications v. DeJordy, 675 F.3d 1100 (8th Cir. 2012); Bonnet v. Harvest Holdings, 741 F.3d 1155 (10th Cir. 2014).

Sovereign immunity deprives a court of jurisdiction. Warnock v. Pecos County, Tex., 88 F.3d 341 (5th Cir. 1996). Therefore, this court lacks jurisdiction to enforce the deposition subpoena, and Think Finance's proposed balancing test cannot overcome this lack of jurisdiction. Accordingly, the **Motion to Quash Subpoena (Doc. 1)** is **granted**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of August, 2018.

Mark L. Hornsby
U.S. Magistrate Judge